(No. 1339— 

GREEN & SONS COMPANY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed December 18, 1929.*
*Rehearing denied March 12, 1930.*

DENT, DOBYNS & FREEMAN, for claimant.

OSCAR E. CARLSTROM, Attorney General; ROY D. JOHNSON, Assistant Attorney General, for respondent.

Mr. CHIEF JUSTICE CLARITY delivered the opinion of the court:

This claim is brought against the State of Illinois for the sum of $50,692.49 for compensation for eight months service

by it as Superintendent of Construction on contracts numbers 5 and 6 on the Illinois Waterway, known as the retaining wall, lock and dam for the Brandon Road Pool.

The services claimed on, were performed during eight months between November 1st, 1927 and July 1st, 1928. The claim is based on an agreement, that the State agreed to furnish all of the material and labor by direct employment for performance of the contracts and agreed to employ Green & Sons Company and its officers, Robert H. Green, Earl R. Green and Roy Shackleton in the superintendence of the construction and pay for such service, a commission of ten percent on the fee cost of the contract.

The defendant, the State of Illinois, comes and files their demurrer, and the issue now before the court, is upon same.

In the first instant, the court wishes to cite section 13, paragraph 91, chapter 19 of the Illinois Waterway Act, Smith-Hurd's Revised Statutes, 1927, as follows:

"Before any contract entailing the expenditure of Five Thousand Dollars or more is entered into, public notice shall be given of the time and place at which proposals shall be received for entering into contracts, which notices shall be previously published for at least once a week for four weeks in two daily newspapers printed in the city of Chicago, in two engineering and contracting journals of general circulation in the United States, and in such other publication as may be deemed proper."

The court is further of the opinion that the real intent of the Legislature in all acts affecting the taxpayers of the State in all matters, and involving the expenditure of considerable sums of money, is to give every opportunity for competitive bids.

It would seem that if power is given, or intended to be given by the Legislature to officers of the State to enter upon any contract, or arrangement for the expenditure for large sums of money without the public having full knowledge and opportunity of bidding as contemplated by the above cited section of the statute, that injustice might be done.

From the records, there is nothing to disclose that the matter was not entered into in good faith by claimant and the officers making the agreement with them, but it is the opinion of the court that this agreement upon which this claim is based was invalid as is set forth in the Attorney General's opinion in this case.

This court is further of the opinion, therefore, that the State of Illinois, is not bound in view of all the facts before

the court, and the court hereby sustains the demurrer of the defendant, the State of Illinois.

On March 12, 1930, upon petition for rehearing the following additional opinion was filed:

This matter coming on to be heard upon the petition for rehearing, and the court now being further fully advised in the premises, finds no reason to change the order, and decree heretofore entered.

Therefore the petition for rehearing is denied.